**Mark W. Roth (010708)**
**John J. Hebert (010633)**
**Arturo A. Thompson (025070**
**SHUGHART THOMSON & KILROY, P.C.**
Security Title Plaza
3636 North Central Avenue, Suite 1200
Phoenix, Arizona  85012
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033
E-Mail: mroth@stklaw.com
E-Mail: jhebert@stklaw.com
E-Mail: athompson@stklaw.com

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| FULTON HOMES CORPORATION, | Case No.  2:09-bk-01298-GBN |
| Debtor. | |
| Address:     9140 South Kyrene, Suite 202<br>                  Tempe, AZ  85284 | |
| Tax EIN:     86-0298641 | |

**DECLARATION OF JOHN J. HEBERT
IN SUPPORT OF "FIRST DAY" AND ACCELERATED MOTIONS**

I, John J. Hebert, depose and say under penalty of perjury:

1.  I am an adult resident of Arizona.  I am counsel to the Debtor and Debtor-in-Possession in the above-captioned bankruptcy case and give the testimony herein, from my personal knowledge, and under penalty of perjury.

2.  Debtor Fulton Homes Corporation ("Fulton") filed for protection under Chapter 11 of the United States Bankruptcy Code (the "Code") on January 27, 2009 (the "Petition Date"), in the above-caption case.

3.  I give this declaration in support of the Fulton bankruptcy petition and First Day Motions.

2447803.01

4.      I have spoken with Fulton and informed them of the issues regarding the payment of pre-petition debts, including wages to employees. Based upon these conversations and upon my experience with these matters, I believe that the payment of wages to employees on the dates payroll is normally set to issue is essential to the continued operation of Fulton and its reorganization in this bankruptcy case.

5.      A failure to play employees for all of their pre- and post-petition earnings will harm the morale of employees, and may cause employees to leave Fulton at a time when their services are critical to the success of the company. In addition, the employees are likely to suffer severe financial difficulties if they are not paid on time.

6.      Because no creditors have liens on Fulton's cash, there are no cash collateral issues presented by allowing Fulton to issue payroll as set forth in the motion.

7.      Fulton is unable to provide the Court with a precise calculation of what portions of the payroll issued will be on account of pre- versus post-petition earnings because the calculation of payroll takes place simultaneous with its issuance. However, Fulton is aware that a precise accounting of the payroll payment to each employee that reflects what portions are pre- and post-petition earnings is necessary. Thus, counsel undersigned will receive this precise accounting once the payroll has been issued and will deliver the accounting to the Court for its review.

8.      In addition to the motion for the payment of pre-petition wages, Fulton has also filed a motion to allow checks that were issued pre-petition from Fulton's back account to be honored post-petition. As set forth in that motion, Fulton has no creditors with liens on its cash, and, thus, there are none of the issued that might exist were the cash actually cash collateral. In addition, the pre-petition checks issued by Fulton were issued for goods and services rendered in the ordinary course of business. Thus, the approval of that motion will not operate to prejudice the creditors of Fulton, and will preserve goodwill with the holders of those checks.

9.      Finally, Fulton has also filed a "utility motion" with the Court. This motion seeks to preserve the status quo with respect to Fulton and its various utility providers. The motion also sets out proposed procedures the utility companies must follow if they choose to seek additional deposits or other adequate assurances as a part of maintaining utility service.

10.     Because of the exigencies present in this case, and especially the need to ensure payroll issues on Thursday and Friday, January 29 and 30, 2009, I believe that it is necessary that an emergency hearing be held by this Court no later than Thursday, January 29, 2009, so that these first day motions may be considered and, hopefully, approved and appropriate Orders issued by this Court.

11.     I believe that failing to approve these motions, and to approve them on an expedited basis, will severely harm the ability of Fulton to preserve goodwill and operate its business going forward.

12.     Moreover, the employees and vendors of Fulton will also suffer severe harm if checks in their possession are not honored or wages they eared pre-petition are not paid in the normal course of Fulton's business.

DATED January 28, 2009.

SHUGHART THOMSON & KILROY, P.C.

By  */s/ John J. Hebert (#010633)*
John J. Hebert
Mark W. Roth
Arturo A. Thompson
Security Title Plaza
3636 North Central Avenue, Suite 1200
Phoenix, Arizona 85012

Attorneys for Debtor

2447803.01

1 | COPY of the foregoing mailed, or served via electronic notification if indicated by an "*" on January 28, 2009, to:

| | |
|---|---|
| Richard J. Cuellar * Ric.J.Cuellar@usdoj.gov<br>U. S. TRUSTEE'S OFFICE<br>230 South 1st Avenue, Suite 204<br>Phoenix, AZ 85003-1706 | Christopher H Bayley * cbayley@swlaw.com<br>Craig K. Williams * ckwilliams@swlaw.com<br>SNELL & WILMER<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202 |

By: _____/s/ T. Simons_____

2447803.01

4