**Mark W. Roth (010708)**
**John J. Hebert (010633)**
**Arturo A. Thompson (025070**
**SHUGHART THOMSON & KILROY, P.C.**
Security Title Plaza
3636 North Central Avenue, Suite 1200
Phoenix, Arizona  85012
Telephone:  (602) 650-2000
Facsimile:  (602) 264-7033
E-Mail: mroth@stklaw.com
E-Mail: jhebert@stklaw.com
E-Mail: athompson@stklaw.com

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| FULTON HOMES CORPORATION, | Case No.  2:09-bk-01298-GBN |
| Debtor. | |
| Address:    9140 South Kyrene, Suite 202<br>                    Tempe, AZ  85284 | |
| Tax EIN:    86-0298641 | |

## DEBTOR'S MOTION FOR ACCELERATED HEARING ON FIRST DAY MOTIONS

Debtor Fulton Homes Corporation ("Fulton"), hereby requests that this Court order an accelerated hearing be set on the Motions set forth below and filed contemporaneously herewith:

1. Fulton's Motion for Order (A) Authorizing the Debtor to Pay Unpaid Pre-Petition Wages, Salaries, and Employee Benefits; and (B) directing All Banks to Honor Pre-Petition Checks for Payment of Such Pre-Petition Claims;

2. Fulton's Motion for Order (I) Prohibiting Utility Companies From Altering, Refusing or Discontinuing Service, and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance; and

2447372.02

3. Fulton's Motion for Order Allowing Checks Issued by Fulton Prepetition to be Cleared through the Debtor's Existing Prepetition Bank Accounts Post-Petition (the preceding motions, collectively the "First Day Motions").

These First Day Motions are essential to the operations of the Debtor in the bankruptcy and its efforts to reorganize. This Court has the authority to grant this motion and set an expedited hearing pursuant to Rule 9013 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(h).

Fulton filed for bankruptcy protection on January 27, 2009. The Debtor is one of the largest residential home builders in the State of Arizona and has been in business for over thirty years and the planned communities developed by the Fulton are compromised of over 17,000 homes. Fulton's assets consist of its real estate holdings related to its real estate developments. Those developments are in Maricopa and Pinal County with 3,430 lots spread amongst them in various phases of development from dirt to completed model homes.

Fulton was current with all of its banks and vendors through the end of 2007. Fulton currently has $6,000,000 in cash as well as $2.1 million in self-funded insurance to operate its business. There are no existing liens on any of Fulton's cash assets or the assets. Thus, Fulton has significant cash on hand and there is no risk that the use of the cash will prejudice the interests of any creditors in this bankruptcy case.

The First Day Motions set forth above are critical to Fulton's continuing operations in its bankruptcy case and its efforts to successfully reorganize. The first motion before the Court is for the payment of pre-petition wages to employees of Fulton. Fulton pays its employees on the 15th and last day of each month. Failure to timely pay employees could cause Fulton to lose critical employees and harm morale at this important time. In addition, the employees, many of whom have obligations that must be paid at the end of the month or immediately thereafter, would also suffer

2447372.02

severe hardship if they remained unpaid, even for a short period. Thus, it is essential that this motion be heard on an accelerated basis.

The next motion before the Court is in regard to utility services. As with any business, Fulton relies on utility services to allow the company to operate, develop communities, and sell its product. Any interruption in utility services would substantially harm the company's efforts to reorganize. Thus, an accelerated hearing on this motion is also appropriate and necessary to the successful reorganization of Fulton.

Finally, Fulton also seeks an accelerated hearing on its motion for an order allowing checks issued by Fulton pre-petition to be honored post-petition, and for the account on which those checks have been drawn to remain open for a reasonable period until the checks can be negotiated. These checks were issued in the ordinary course of business and include no extraordinary payments. In addition, as with all the cash payments proposed in the First Day Motions, the fact that Fulton's cash is free of any liens simplifies the approval of the motions because there are no cash collateral issues and, as such, no creditors will be prejudiced.

Fulton and its counsel have filed a notice of this Motion for an accelerated hearing with this Court and have sent a courtesy copy to the United States Trustee in accordance with 4001-4.

For all the foregoing reasons, Fulton hereby requests that this Court order a hearing be set on its First Day Motions on the earliest date possible, but in any event no later than Thursday, January 29, 2009, so that Fulton's commitments to its employees and vendors may be fulfilled and the goodwill and labor force of the company preserved.

WHEREFORE, Fulton respectfully requests this Court order that:

1. A hearing be set on Fulton's First Day Motions at the Court's earliest convenience and in substantially the form of the Order attached hereto as Exhibit "A", and in no event later than January 29, 2009; and

2. For such other relief as this Court deems proper.

2447372.02

DATED January 28, 2009.

                                          SHUGHART THOMSON & KILROY, P.C.

                                          */s/ John J. Hebert (#010633)*
                           By _____
                                  John J. Hebert
                                  Mark W. Roth
                                  Arturo A. Thompson
                                  Security Title Plaza
                                  3636 North Central Avenue, Suite 1200
                                  Phoenix, Arizona 85012

                               Attorneys for Debtor

COPY of the foregoing mailed, or served via electronic notification if indicated by an "*" on January 28, 2009, to:

| Richard J. Cuellar * Ric.J.Cuellar@usdoj.gov<br>U. S. TRUSTEE'S OFFICE<br>230 South 1st Avenue, Suite 204<br>Phoenix, AZ 85003-1706 | Christopher H Bayley * cbayley@swlaw.com<br>Craig K. Williams * ckwilliams@swlaw.com<br>SNELL & WILMER<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004-2202 |
|---|---|

By: ___*/s/ T. Simons*___

2447372.02

4

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FULTON HOMES CORPORATION,<br><br>        Debtor.<br><br>Address:    9140 South Kyrene, Suite 202<br>                 Tempe, AZ 85284<br><br>Tax EIN:   86-0298641 | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-01298-GBN |

**ORDER GRANTING EXPEDITED HEARING ON
DEBTOR'S MOTION FOR ACCELERATED HEARING**

THIS MATTER is before the Court on Debtor's Motion for Accelerated Hearing, and

The Court being duly advised,

**IT IS HEREBY ORDERED** that a hearing on Debtor's:

    1.    Motion for Order (A) Authorizing the Debtor to Pay Unpaid Pre-Petition Wages, Salaries, and Employee Benefits; and (B) directing All Banks to Honor Pre-Petition Checks for Payment of Such Pre-Petition Claims;

    2.    Motion for Order (I) Prohibiting Utility Companies From Altering, Refusing or Discontinuing Service, and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance; and

2447405.01

3. Motion for Order: (a) authorizing the Debtor to pay unpaid pre-petition debt to critical vendors; and (b) directing all banks to honor pre-petition checks for payment of such pre-petition claims,

shall be held on the **29th** day of **January, 2009**, at **1:00 p.m.**, in **Courtroom No. 702**, **7th Floor**, U. S. **Bankruptcy Court, 230 North 1st Avenue, Phoenix, Arizona**.

**IT IS FURTHER ORDERED** that Debtor shall immediately provide notice of such hearing to the United States Trustee, the top 20 unsecured debtors, and those who have entered an appearance in the case.

DATED: _____, 2009.

                                          Honorable George B. Nielsen, Jr.

2447405.01

2