Christopher H. Bayley (#010764)
Lori A. Lewis (#019285)
Evans O'Brien (#026521)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail: cbayley@swlaw.com
llewis@swlaw.com
Attorneys for Creditor Bank of America N.A., on its own behalf
and as Administrative Agent for JPMorgan Chase Bank, N.A.,
Compass Bank, Wachovia Bank, and Compass Bank as successor
in interest to Guaranty Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>FULTON HOMES CORPORATION,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 2:09-bk-01298-GBN<br><br>**LIMITED OBJECTION TO THIRD AMENDED DISCLOSURE STATEMENT RELATING TO AMENDED PLAN OF REORGANIZATION DATED MAY 25, 2010**<br><br>Date: July 6, 2010<br>Time: 9:30 a.m.<br>Location: 230 N. First Ave.<br>7th Floor, Courtroom 702<br>Phoenix, AZ 85003<br><br>Related DE(s): 389 |

Bank of America, N.A., on its own behalf and as Administrative Agent for JPMorgan Chase Bank, N.A., Compass Bank, Wachovia Bank, and Compass Bank as successor in interest to Guaranty Bank (collectively, "Bank Group"), by and through undersigned counsel, hereby objects to Fulton Homes Corporation's "Third Amended Disclosure Statement Relating to Third Amended Plan of Reorganization Dated May 25, 2010" ("Disclosure Statement") [DE #389]. The Bank Group is very aware that this Court has approved an earlier version of the Debtor's

11677962

Disclosure Statement pursuant to 11 U.S.C. § 1125. However, while previous iterations of the Debtor's disclosure statements (as well as the most recent "approved" Second Amended Disclosure Statement dated October 13, 2009 [DE 261]) have at least attempted to provide some sort of a truncated liquidation analysis, the current version of the Disclosure Statement contains none at all. As a result, the Third Amended Disclosure Statement cannot be approved because it fails on its face to provide adequate information as required by 11 U.S.C. § 1125.

This objection is fully supported by the accompanying Memorandum of Points and Authorities and the prior pleadings in this case, all of which are incorporated herein by this reference.

## **MEORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In lieu of an actual liquidation analysis, the Disclosure Statement's "Liquidation Analysis" is comprised entirely of the following two sentences:

> Under the Plan proposed herein, the Debtor proposes to pay all Allowed Secured Claims in full, and all Allowed Unsecured Creditors in full, with interest at the Plan Rate. Consequently, all creditors will necessarily recover as much, if not more, under the Plan than they would receive in a liquidation under Chapter 7 of the Bankruptcy Code, and approval of the Plan is in the best interests of creditors.

Disclosure Statement at p. 33.[1] Not only is this not a liquidation analysis, it is a fallacy.

In effect, the Debtor argues that because it has proposed what it calls a "full payment plan" (s*ee, e.g.,* "Response and Objection to Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104(c)" [DE #402] at p. 5, l. 7; p. 7, l. 19; p. 8, l. 1; and p. 11, ll. 18-19), the § 1129(a)(7) best interest of creditors test is automatically satisfied, and a liquidation analysis is unnecessary. Both of these conclusions are incorrect. The filing of the "Third Amended Plan of Reorganization

---

[1] In contrast, the "Second Amended Disclosure Statement Relating to Second Amended Plan of Reorganization Dated August 21, 2009" contained a two-*page* liquidation analysis supported by a one page exhibit.

11677962

- 2 -

Dated May 25, 2010" ("Third Amended Plan") does not automatically satisfy the best interest of creditors test. Accordingly, a proper liquidation analysis is required before the Disclosure Statement can be approved under § 1125.

Contrary to the Debtor's repeated assertions, the Third Amended Plan is not a "full payment plan." Instead, it is a plan that proposes to pay "all Allowed Unsecured Claims" in full. The distinction is subtle but significant. As defined in the Third Amended Plan, "Allowed Unsecured Claims" do not include post-petition interest and attorneys' fees and costs.[2] However, where a debtor is solvent, unsecured creditors are entitled to receive these amounts (and others) in a Chapter 7 liquidation before equity holders recover anything. 11 U.S.C. § 726. Thus, it does not follow that unsecured creditors will *necessarily* receive as much, or more, under the Third Amended Plan as in a Chapter 7 liquidation. In fact, if the Debtor is solvent, unsecured creditors will receive *more* in a Chapter 7 liquidation than under the Third Amended Plan. Accordingly, a proper liquidation analysis is a crucial component of any disclosure statement.

Ultimately, the Disclosure Statement's "liquidation analysis" is both inadequate and misleading. It is inadequate because it is non-existent. It is misleading because it erroneously concludes that unsecured creditors' recoveries are capped at the amount of their "Allowed Unsecured Claims" (as defined by the Debtor) in a Chapter 7 liquidation. Accordingly, the Court should deny approval of the Disclosure Statement as it is currently proposed, and the Court should require the Debtor to prepare and include a proper liquidation analysis.

## II. LEGAL ANALYSIS

Section 1125 of the Bankruptcy Code requires that a plan proponent provide a disclosure statement containing "adequate information" to all claim and interest holders prior to the

---

[2] Specifically, the Third Amended Plan states that "[a]n Allowed Claim shall not include unmatured or post-petition interest, penalties, fees or costs, unless specifically stated in the Plan. A claim shall be allowed only for the amount of money or money's worth actually paid to the Debtor, plus any interest allowed by the Court or agreed upon by the Debtor." Third Amended Plan at p. 2, ll. 16-19.

11677962

- 3 -

solicitation of acceptances or rejections of a plan of reorganization. 11 U.S.C. § 1125(b). "Adequate information" is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information;
> . . . .

11 U.S.C. § 1125(a)(1).

The purpose of the disclosure statement is to "give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan." *In re County of Orange*, 219 B.R. 543, 560 (Bankr. C.D. Calif. 1997) (citing *Duff v. U.S. Trustee*, 198 B.R. 567 (9th Cir. BAP 1996)). As a result, complete and fully accurate disclosure of all material information is critical for approval of a disclosure statement. *See e.g., In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987), *aff'd*, 80 B.R. 448 (N.D. Ill. 1987) (court denied approval of disclosure statement because it omitted material facts and misled creditors); *In re Galaries Des Monnaies of Geneva, Ltd.*, 55 B.R. 253 (Bankr. S.D. N.Y. 1985) ("[A disclosure statement] is relied on by both the creditors of the debtor before they vote on the plan of reorganization, and by the bankruptcy court before approving it. Given this reliance, it is crucial that a debtor be absolutely truthful so that the disclosure statement meets the Code standard in § 1125 . . ."). The plan proponent bears the ultimate burden of persuasion regarding the adequate information standard. *In re Michelson*, 141 B.R. 715, 720 (Bankr. E.D. Cal. 1992).

A liquidation analysis setting forth the estimated return that creditors would receive in a Chapter 7 liquidation is among the many requirements of a disclosure statement. *In re Oxford*

11677962

- 4 -

*Homes, Inc.*, 204 B.R. 264, 269 n.17 (Bankr.D.Me. 1997) (citing *In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991). Here, however, the Debtor has glossed over the liquidation analysis requirement apparently on the mistaken belief that one is not required because the Third Amended Plan proposes to pay all Allowed Unsecured Claims in full. The Debtor's suggestion that the filing of the Third Amended Plan automatically satisfies the best interest of creditors test and eliminates the requirement that the Disclosure Statement contain a liquidton analysis is misleading and legally incorrect.[3]

The best interest of creditors test requires that creditors receive at least as much under a Chapter 11 plan as they would if the debtor were liquidated under Chapter 7. 11 U.S.C. § 1129(a)(7). Where a debtor is solvent, sections 726(a)(4) and (5) of the Bankruptcy Code entitle creditors to receive "any fine, penalty, or forfeiture" and "interest at the legal rate from the date of the filing of the petition" on their claims. *Id.* at § 726(a)(4) and (5); *see also In re Cardelucci*, 285 F.3d 1231, 1234 (9th Cir. 2002) ("Where a debtor in bankruptcy is solvent, an unsecured creditor is entitled to 'payment of interest at the legal rate from the date of the filing of the petition' prior to any distribution of remaining assets to the debtor."); *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1339 (9th Cir. 1984) (post-petition interest allowed when debtor proves to be solvent); *In re Continental Airlines Corp.*, 110 B.R. 276, 281 (Bankr. S.D. Tex. 1989) (permitting unsecured creditor to recover post-petition attorneys' fees associated with litigating claim). Thus, the liquidation analysis is not simply an academic exercise. If it shows that the Debtor is solvent, unsecured creditors are entitled to receive interest from the Petition Date and their attorneys' fees, costs, and expenses incurred enforcing and preserving their rights. Because the Disclosure Statement contains no liquidation analysis, it should not be approved.

---

[3] This fallacy has been, and continues to be, the Debtor's cornerstone argument in its opposition to the Bank Group's various positions in this case. Along with the Fulton Trust (the owner of the Debtor), the Debtor argued unsuccessfully to avoid discovery by the Bank Group into a possible claim by the estate against the Trust based on unjust enrichment. This fallacious argument is still being used in a general fashion to avoid the requested appointment of an Examiner.

11677962

- 5 -

Given the amount of cash currently held by the Debtor, its current inventory of lots and homes, and the size of the potential recovery from the Fulton Family Trust for unjust enrichment, it is entirely likely that the Debtor is solvent.[4]  Therefore, the Disclosure Statement's prospective denial of "any fine, penalty, exemplary or punitive damages, default interest, late charges, or other monetary charge relating to or arising from any default or breach by the Debtor ("Default Charges")" is also misleading and requires that approval of the Disclosure Statement be denied. *See* Disclosure Statement at p. 37, ll. 1-6.

This limited objection is not just an intellectual exercise.  It is not (as the Debtor consistently laments) raised simply as a way to irritate and confound the Debtor's efforts to confirm a plan.  It is, however, a legitimate and legally founded demand that this Court require the Debtor to satisfy the express terms of the Code.  Specifically, this Debtor, which now argues that it has the intent and ability to confirm a "full payment plan," must be required to disclose and state its position clearly and concisely.  It is this liquidation analysis which will enable this Court and the Bank Group to analyze the ultimate confirmability of this most recent plan.

### III.  CONCLUSION

The Disclosure Statement fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code, and its approval should be denied.  Specifically, the Debtor has provided its creditors with no liquidation analysis.  Accordingly, the Bank Group respectfully requests that the Court deny approval of the Disclosure Statement.

. . .

. . .

---

[4] The Debtor's present plan which it currently describes as a "full payment plan" expressly acknowledges and reveals that the Debtor is to retain at the completion of the payment period valuable assets in the form of cash and both improved and unimproved real property.  To suggest that the Debtor is not solvent and that creditors should not be able to accrue post filing and pre-confirmation interest on its debt flies in the face of logic.  What the Debtor must disclose in this liquidation analysis is how it can argue in good faith that it can propose to pay off the Bank Group over time (at an appropriate rate of interest) and still satisfy the liquidation test.

11677962

RESPECTFULLY SUBMITTED this 29th day of June, 2010.

          Snell & Wilmer L.L.P..

         By /s/ CHB – 010764
           Christopher H. Bayley
           Lori A. Lewis
           Evans O'Brien
           One Arizona Center
           400 E. Van Buren
           Phoenix, AZ 85004-2202
           Attorneys for Creditor Bank of America N.A., on its own behalf and as Administrative Agent for JPMorgan Chase Bank, N.A., Compass Bank, Wachovia Bank, and Compass Bank as successor in interest to Guaranty Bank

COPY of the foregoing mailed or e-mailed
this 29th day of June, 2010, to:

Mark W. Roth       mroth@stklaw.com
Philip R. Rudd       prudd@polsinelli.com
John J. Hebert       jhebert@polsinelli.com
Polsinelli Shughart PC
3636 N. Central Ave., Ste. 1200
Phoenix, AZ 85012
Attorneys for Fulton Homes Corporation

Elizabeth Amorosi      Elizabeth.C.Amorosi@usdoj.gov
Larry Lee Watson      larry.watson@usdoj.gov
Office of the U.S. Trustee
230 N. First Ave., Ste. 240
Phoenix, AZ 85003-1706


/s/ Mary J. Minnick

11677962