Craig D. Hansen, Esq. (AZ Bar No. 007405) chansen@ssd.com
Sean T. Cork, Esq. (AZ Bar No. 022149) scork@ssd.com
Kelly Singer, Esq. (AZ Bar No. 022024) ksinger@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1 East Washington, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000

Counsel to Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>FULTON HOMES CORPORATION<br><br>            Debtor. | Case No. 2:09-bk-1298-GBN<br><br>Chapter 11<br><br>**APPLICATION FOR RETENTION OF ODYSSEY CAPITAL GROUP, LLC AS DEBTOR'S EXPERT WITNESS FOR PLAN CONFIRMATION**<br><br>**Date of Hearing:**    **TBD**<br>**Time of Hearing:**    **TBD**<br>**(MST)** |

      FULTON HOMES CORPORATION, debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), files this Application for an order authorizing the employment and retention of Odyssey Capital Group, LLC ("**Odyssey**") as the Debtor's expert witness for plan confirmation.

      This Application is supported by the entire record before the Court, the *Verified Statement of Lawrence X. Taylor in Support of Application For Retention Of Odyssey Capital Group, LLC As Debtor's Expert Witness for Plan Confirmation* (the "**Taylor Statement**") filed contemporaneously with this Application, and the following memorandum of points and authorities.

## BACKGROUND

### Jurisdiction and Venue

1. On January 27, 2009 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Court**").

2. The Debtor continues to manage its properties and operate its businesses as debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

3. The Court has jurisdiction over the case under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

4. The Debtor is an Arizona corporation with real property located in Maricopa County and Pinal County, Arizona. Accordingly, venue of the case is proper in the District of Arizona under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Application are Bankruptcy Code § 327(a), 328, and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. No trustee or examiner has been appointed in these cases, nor has an official committee of unsecured creditors been established.

### Background Facts Concerning the Debtor

7. On February 5, 2009, the Debtor filed a motion to establish interim compensation procedures for the Debtor's professionals retained in this Chapter 11 Case [D.E. 50] On February 20, 2009, the Court entered an order establishing interim compensation procedures for certain professionals in this Chapter 11 Case (the "**Interim Compensation Procedures**") [D.E. 80].

8. On July 22, 2010, the Debtor filed a motion to retain Squire, Sanders & Dempsey

L.L.P. ("**Squire Sanders**") as replacement general restructuring counsel [D.E. 430]. The Court entered an interim order approving Squire Sanders' retention on July 26, 2010 [D.E. 433].

9. On February 5, 2009 the Debtor filed an application to employ Green Street Capital Group LLC ("**Green Street**"), as it Financial Advisor. On March 2, 2009 the Court signed an order approving the retention of Green Street through October 2009 [D.E. 88]. In November 2009, the Debtor filed a motion to extend Green Street's retention through April 2010. The Court entered its order approving this extended retention on December 3, 2009 [D.E. 300].

## RELIEF REQUESTED & QUALIFICATIONS OF ODYSSEY

10. By this Application, the Debtor seeks to employ and retain Odyssey as their expert witness for plan confirmation with regard to this chapter 11 case. Odyssey is based in Arizona with a national practice in providing financial-advisory and valuation services in complex and distressed situations. Odyssey has focused on financial restructurings, complex/distressed mergers and acquisitions, and financings in connection with financial restructurings, together with matters requiring opinions and expert witness testimony. Odyssey's professionals have previously provided advisory and valuation services in some of the most complex restructuring matters, including chapter 11 proceedings. Taylor Statement.

11. The Debtor engaged Odyssey to serve as expert witness for plan confirmation in connection with this chapter 11 case, in light of Odyssey's expertise in chapter 11 reorganizations. Taylor Statement.

## SERVICES TO BE RENDERED

12. Effective August 9, 2010, the Debtor retained Odyssey under the *Engagement Agreement*, attached to this Application as <u>Exhibit A</u> (the "**Engagement Agreement**"). Under

the terms of the Engagement Agreement, the Debtor proposes to retain Odyssey to render the following services for this chapter 11 case:

    a.    to the extent feasible, familiarizing itself with the business, operations, properties, financial condition, secured and unsecured debt, and prospects of the Company;

    b.    review and analyze the Company's current operations, financial and operational projections and analysis of the capital structure of the Company;

    c.    conduct, as appropriate and in support of its expert witness testimony, analyses including but not limited to valuation and solvency to determine financial status of the Company

    d.    provide financial advice and assistance to the Company, if required, in developing a restructuring plan (as the same may be modified from time to time, a "Plan"), which may be a plan under chapter 11 of title, 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code");

    e.    attend meetings with representatives of the Company as required;

    f.    provide testimony, as necessary, with respect to matters which we have been engaged to advise the Company on in any proceeding before the Bankruptcy Court if applicable; and

    g.    be available to the Company; either individually or in groups to assist them regarding the services to be provided above.

Taylor Statement.

13. Odyssey will endeavor to minimize any duplication of services among Odyssey and those services to be provided by Green Street or any other professional retained by the Debtor in this case. Taylor Statement.

14. Odyssey has stated its willingness to act in this chapter 11 case and to render the necessary professional services as the Debtor's expert witness for plan confirmation. Taylor Statement.

## **DISINTERESTEDNESS**

15. To the best of the Debtor's knowledge, information and belief, based on and other than as set forth in the Taylor Statement, Odyssey does not hold or represent an interest adverse

to the Debtor's estate and is a "disinterested person," as that term is defined in Bankruptcy Code § 101(14) and modified by Bankruptcy Code § 1107(b), with respect to the matters for which it is to be retained. To the best of the Debtor's knowledge, information, and belief, based on and other than as stated in the Taylor Statement, the professionals at Odyssey do not have any connection with the Debtor or its affiliates, its creditors, its estates, any United States District Judge or United States Bankruptcy Judge for the District of Arizona, the United States Trustee or any person employed in the office of the United States Trustee for Region 14, or any other party in interest, or their respective attorneys and accountants. Taylor Statement.

16. To the best of the Debtor's knowledge, information, and belief, based on and other than as set forth in the Taylor Statement, the disclosure made by Odyssey in the Taylor Statement (regarding connections with the Debtor, its creditors, any other parties-in-interest in this case, its respective attorneys and accountants, any United States District Judge or United States Bankruptcy Judge for the District of Arizona, the United States Trustee or any person employed in the office of the United States Trustee for Region 14) satisfies the requirements of Bankruptcy Rule 2014. Taylor Dec.

## **COMPENSATION**

17. Odyssey intends to apply to the Court for the allowance of such compensation and reimbursement of expenses in accordance with Bankruptcy Code § 330, the Bankruptcy Rules, the Local Rules, the United States Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses and any other applicable procedures and orders of the Court, including the Interim Compensation Procedures. Taylor Statement.

18. In anticipation of Odyssey being retained in this Chapter 11 Case, on or about August 24, 2010, and in accordance with Odyssey's engagement agreement with the Debtor,

Odyssey received a retainer in the amount of $75,000 (the "**Retainer**") for professional services to be rendered and charges and disbursements to be incurred by Odyssey in connection with this Chapter 11 Case.  This Application seeks authorization of the Debtor's payment and Odyssey's receipt of the Retainer.  Taylor Statement.

19. For professional services, Odyssey's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with Odyssey's standard policies.  Based on the engagement agreement, Odyssey and the Debtor have agreed that Odyssey's bundled rate structure will apply to this case and, therefore, Odyssey will not be seeking to be separately compensated for certain staff, clerical, or resource charges.  Odyssey will staff this assignment with Managing Directors, Directors and Senior Associates.  Odyssey's compensation for services rendered will consist of the following hourly rates:

   a. Managing Directors - $495 per hour
   b. Directors - $450 per hour
   c. Senior Associates - $400 per hour

The hourly rates set forth above is subject to periodic increases in the normal course of Odyssey's business, often due to the increased experience of a particular professional and changes in the prevailing market.  Taylor Statement.

20. Consistent with Odyssey's policy with respect to their other clients, Odyssey will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of such services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.  Taylor Statement.

21. Odyssey has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (a) the professional time spent; (b) the rates charged for such services; (c) the necessity of such services to the administration of the estates; (d) the reasonableness of the time within which the services were performed in relation to the results achieved; and (e) the complexity, importance, and nature of the problems, issues, and tasks addressed in this case. Taylor Statement.

22. The compensation structure outlined above was negotiated at arm's length and is consistent with Odyssey's normal and customary billing practices in chapter 11 cases. The compensation arrangement provided for in the Engagement Agreement and generally described above is consistent with, and typical of, arrangements entered into by Odyssey and other firms of comparable standing in connection with the rendering of services similar to services to clients such as the Debtor. Taylor Statement.

23. Odyssey intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the District of Arizona, and the orders of this Court. Odyssey will maintain records on an hourly basis of time spent by its professionals in connection with the rendering of services for the Debtor. Taylor Statement.

24. Odyssey will hold the Retainer in trust for application to any unpaid fees, charges and disbursements relating to services rendered after its engagement as may be further ordered by the Court.

25. Other than as set forth above, no arrangement is proposed between the Debtor and Odyssey for compensation to be paid in this case. Taylor Statement.

26. The Debtor believes that Odyssey is both well qualified and uniquely able to serve them effectively and efficiently in this chapter 11 case as expert witness for plan confirmation. The resources, capabilities and experience of Odyssey in advising the Debtor are crucial to the Debtor's successful restructuring. As such, the Debtor believes that the retention of Odyssey is in the best interest of the Debtor, its estate, creditors and other parties-in-interest. Accordingly, the Debtor requests that Odyssey's retention as expert witness for plan confirmation be approved and made effective as of the date of the Engagement Agreement.

## CONCLUSION

WHEREFORE, the Debtor requests that the Court: (a) enter a order authorizing the Debtor's retention and employment of Odyssey on the terms outlined in this Application; and (b) grant such other relief that is just and proper.

Dated: August 25, 2010.

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: /s/ Sean T. Cork
    Craig D. Hansen, Esq.
    Sean T. Cork, Esq.
    Kelly Singer, Esq.
    1 East Washington, Suite 2700
    Phoenix, Arizona 85004-4498

*Counsel to Debtor and Debtor-in-Possession*