Donald L. Gaffney (#005717)
Lori A. Lewis (#019285)
Evans O'Brien (#026521)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail: dgaffney@swlaw.com
llewis@swlaw.com
eobrien@swlaw.com

Attorneys for Creditor Bank of America, N.A., on its own and as administrative agent for JPMorgan Chase Bank, N.A.; Compass Bank, on its own and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>FULTON HOMES CORPORATION,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 2:09-bk-01298-GBN<br><br>**MOTION FOR ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) AUTHORIZING SOLICITATION OF VOTES ON THE CREDITORS' PLAN; (C) APPROVING SOLICITATION PROCEDURES; (D) SCHEDULING AN EVIDENTIARY HEARING ON CONFIRMATION OF THE CREDITORS' PLAN; AND (E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE**<br><br>**AND**<br><br>**NOTICE OF LODGING PROPOSED ORDER** |

Bank of America, N.A., on its own and as administrative agent for the following banks: JPMorgan Chase Bank, N.A.; Compass Bank, on its own and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank (collectively, the "**Bank Group**"), the largest unsecured creditor in the above-captioned chapter 11 case, files this Motion

for an order under 11 U.S.C. §§ 105(a), 1125 and 1128: (a) approving the "Creditors' Disclosure Statement Concerning the Creditors' Plan of Reorganization Dated September 28, 2010" ("**Disclosure Statement**"); (b) authorizing the solicitation of votes on the "Creditors' Plan of Reorganization Dated September 28, 2010" ("**Creditor's Plan**"); (c) approving solicitation procedures; (d) scheduling an evidentiary hearing on confirmation of the Creditor's Plan; and (e) approving the form, manner and sufficiency of notice of the confirmation hearing and the distribution of the solicitation packages.

This Motion is supported by the entire record before the Court and the following Memorandum of Points and Authorities.

## BACKGROUND

**Jurisdiction and Venue**

1. On January 27, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

2. The Debtor continues to operate its business and possess its property in accordance with Bankruptcy Code § 1108.

3. The court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. this matter constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

4. The Debtor has its principal place of business in Tempe, Arizona. Accordingly, venue of the Debtor's chapter 11 proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a), 1125 and 1128 and Rules 2002, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

12023862

## RELIEF REQUESTED AND BASIS FOR RELIEF

6. By this Motion, the Bank Group requests entry of an order (a) approving the Disclosure Statement to be used in connection with the solicitation of votes to accept or reject the Creditor's Plan; (b) scheduling an evidentiary hearing for confirmation of the Creditor Plan (the "**Confirmation Hearing**") as soon as possible; (c) authorizing the solicitation of votes on the Creditor's Plan (the "**Solicitation**"); (d) approving solicitation procedures for accepting votes with respect to the Creditor Plan; and (e) approving the manner and form of notice of the Confirmation Hearing and the distribution of the Solicitation Packages (defined below) to the appropriate parties in interest.

### A. Approval of the Disclosure Statement

7. The Bank Group requests that the Court approve the Disclosure Statement as containing information sufficient to satisfy Bankruptcy Code § 1125(b). Approval of the Disclosure Statement in this chapter 11 case will enable the Bank Group to commence Solicitation and provide creditors with an alternative to the Debtor's "Fourth Amended Plan of Reorganization" (the **"Debtor's Plan"**).

8. All Classes entitled to vote under the Creditor's Plan have received sufficient notice of the Disclosure Statement under Bankruptcy Rule 3017 and will have the opportunity to be heard and to object to the adequacy of the Disclosure Statement at the Disclosure Statement Hearing.

9. Bankruptcy Code § 1125(b) requires that, before soliciting votes on a plan, the plan proponent must provide a disclosure statement that contains adequate information regarding the proposed plan. Section 1125 (a) defines "adequate information" as:

> Information of the kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor

12023862

- 3 -

Case 2:09-bk-01298-GBN    Doc 527    Filed 09/28/10    Entered 09/28/10 13:17:44    Desc
Main Document    Page 3 of 16

> of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information ….

11 U.S.C. § 1125(a).

10. The amount and type of information required to satisfy Bankruptcy Code § 1125(a) must be determined case-by-case. The legislative history of that statute supports the assertion that the threshold of what constitutes "adequate information" is flexible and based on the circumstances of each case. Specifically, the legislative history provides:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. At 409 (1977).

11. Courts also have broad discretion to determine what constitutes adequate information necessary to satisfy the requirements of Bankruptcy Code § 1125(a). *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute and its surrounding legislative history make clear that the determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court") (internal quotation omitted); *see also In re 3DFS Interactive, Inc.*, 2006 Bankr. LEXIS 1498 (N.D. Cal. 2006) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement …. '[A]dequate information' within the meaning of § 1125(a)(1) is not a static concept: Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis"). This grant of discretion was intended to facilitate a debtor's emergence from chapter 11 in the broad range of businesses in which chapter 11 debtors engage. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-409 (1977). A disclosure statement must provide creditors entitled to vote on

12023862

- 4 -

the plan with information that is "reasonably practicable" to permit an "informed judgment." *Cohen v. Tic Fin. Sys. (In re Ampace Corp.)*, 279 B.R. 145, 158 n. 26 (Bankr. D. Del. 2001). The general purpose of the disclosure statement is to set forth sufficient facts and information to permit a creditor to make an informed evaluation of the merits of the plan. *See Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988); *Phoenix Petroleum*, 278 B.R. at 392.

12. To determine whether a disclosure statement contains adequate information, courts typically look to the following factors, where applicable to the circumstances of the case: (a) The events leading to the filing of a bankruptcy petition; (b) a description of the available assets and their value: (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the chapter 11 plan or a summary of it; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the plan; (o) information relevant to the risks poses to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates. *See Phoenix Petroleum*, 278 B.R. at 393, n. 6.

13. The Disclosure Statement contains adequate information, as required by Bankruptcy Code § 1125, so that those parties entitled to vote will be able to make an informed decision in voting to accept or reject the Plan. The Bankruptcy Court approved the "Amended and Supplemented Disclosure Statement Concerning the Debtor's Fourth Amended Plan of Reorganization" (the **Debtor's Disclosure Statement**") on or about September 17, 2010, upon

12023862

- 5 -

Case 2:09-bk-01298-GBN    Doc 527    Filed 09/28/10    Entered 09/28/10 13:17:44    Desc
Main Document    Page 5 of 16

the Debtor's representation that the Debtor's Disclosure Statement is comprehensive and contains the type of information described above. Given the difficulties that arise when a non-debtor begins the process of preparing a disclosure statement, the Bank Group has relied heavily upon the Debtor's Disclosure Statement in preparing the Bank Group Disclosure Statement, which is based almost entirely on the information in the Debtor's Disclosure Statement. Thus, in a very real sense, the Court has already approved the Disclosure Statement. The disclosures contained in the Disclosure Statement are virtually identical in all material respects to the Debtor's Disclosure Statement that has already been approved by the Court. In fact, the Bank Group and the Debtor consensually resolved all disclosure-related deficiencies in the Debtor's Disclosure Statement. Accordingly, it is difficult to imagine on what basis the Debtor, or any other party, could claim that the Disclosure Statement should not be approved.

14. In considering whether to approve a disclosure statement, the court may consider the ability of a creditor or equity holder to obtain information from sources other than the disclosure statement. *See* Bankruptcy Code § 1125(a)(2)(C). Generally, a debtor and its insiders have the best access to financial and other information about the debtor's business, assets, liabilities and other information which must be included in the disclosure statement. Therefore, while the Debtor's insiders and equity holders are impaired by the Creditor's Plan, they should not be heard to object to the adequacy of the disclosures made by the Bank Group, given their access to information about the Debtor's business.

15. Based on the foregoing, approval of the Disclosure Statement is consistent with Bankruptcy Code § 1125, and such approval is in the best interest of the Debtor's estate and its creditors.

**B.** **Transmittal of Solicitation Packages**

16. In accordance with Bankruptcy Rule 3017(d), the Bank Group will commence Solicitation by transmitting by mail a solicitation package (the "**Solicitation Package**") to holders of impaired claims and interests entitled to vote on the Plan. The Solicitation Package will

12023862

consist of: (a) complete copies of (i) the Court-approved Disclosure Statement and all its appendices, including the Creditor's Plan (and any exhibits); (ii) the Order scheduling the Confirmation Hearing; (iii) written notice of the Court's approval of the Disclosure Statement, the deadline and procedures for filing objections to confirmation of the Plan, and related issues (the "**Solicitation Notice**"); (b) a paper Ballot and pre-addressed return envelope); and (c) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents.

17. Counsel for the Bank Group will inspect, monitor and supervise the process for solicitation of the Creditor's Plan, serve as the tabulator of the ballots, and certify to the Court the results of the balloting.

## C. Procedures for Vote Tabulation

18. Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

19. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor or the Bank Group in any other context, the Bank Group proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the lesser of: (a) the amount of such claim as set forth in the schedules of assets and liabilities filed by the Debtor, as required by Bankruptcy Code § 521, and all amendments to such

12023862

- 7 -

schedules (the "**Schedules**"); and (b) the amount of such claim as set forth in a timely-filed proof of claim. The foregoing general procedure would be subject to the following exceptions:

    a. If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

    b. If the Debtor and/or the Bank Group and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Court a stipulation memorializing such agreement by the Voting Deadline (defined below), such claim is temporarily allowed for voting purposes only in the stipulated amount, but:

        (1) no claim is to be temporarily allowed for voting purposes in accordance with this provision unless the Court approved such stipulation on notice to the parties listed on the Official Service List and a hearing; and

        (2) the Court will approve, without conducting a hearing, any such stipulation duly executed, filed with the Court, and served on the parties listed on the Official Service List not objected to by the Voting Deadline;

    c. If a claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed on its face, or the claim for which a proof of claim has been timely filed is listed as contingent, unliquidated, or disputed on the Schedules, either in whole or in part, such claim is temporarily allowed for voting purposes at the lesser amount of:

        (1) the amount stated in the proof of claim, irrespective of any designation as contingent, unliquidated, or disputed;

        (2) the amount stated for such claim in the Schedules, irrespective of any designation as contingent, unliquidated, or disputed;

(3) an amount set forth in a stipulation, approved by an order of the Court, between the holder of such claim and the Debtor and/or the Bank Group;

    d. If a claim has been made subject to a pending estimation motion or otherwise estimated or allowed for voting purposes by order of the Court prior to the Voting Deadline, such claim is temporarily allowed in the amount proposed to be estimated or so estimated or allowed by the Court;

    e. If a claim has been made subject to a pending objection by the Debtor or any other party-in-interest under Bankruptcy Code § 502(a) and Bankruptcy Rule 3007, where such objection remains unresolved as of the Voting Deadline, such claim is temporarily disallowed for voting purposes under the Plan; and

    f. If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, such claim is temporarily disallowed for voting purposes under the Plan.

20. The Bank Group believes that the foregoing proposed procedures (the "**Voting Procedures**") provide for a fair and equitable voting process. If the Bank Group objects to the allowance of a Ballot for voting purposes, the Bank Group proposes that such objection be filed no later than three business days after the Voting Deadline, and a hearing to determine the allowance of such Ballot for voting purposes be held on or before the date set for the Confirmation Hearing.

21. Furthermore, the Bank Group requests that: (a) whenever a creditor or equity holder casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus to supersede any prior Ballots; and (b) creditors and equity holders be required to vote all of their claims and equity interests within a particular class under the Plan either to accept or reject the

Case 2:09-bk-01298-GBN    Doc 527    Filed 09/28/10    Entered 09/28/10 13:17:44    Desc
Main Document    Page 9 of 16

1 Plan and not be permitted to split their vote, and thus, a Ballot that partially rejects and partially
2 accepts the Plan not be counted.

3 22. Bankruptcy Rule 3017(d) requires the plan proponent to mail a form of ballot, substantially conforming to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan."

23. The Ballots will be distributed to holders of claims and interests entitled to vote under the Plan under Bankruptcy Code § 1126 (Classes 2, 3, 4, 5, 7, and 8).

24. Classes 1, 4 and 6 are unimpaired under the Plan and is deemed to accept the Plan under Bankruptcy Code § 1126(f). Solicitation of these Classes is not required.

**D.  Scheduling a Confirmation Hearing**

25. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

26. In accordance with this provision, Bank Group requests that a hearing on confirmation of the Creditor's Plan (the "**Confirmation Hearing**") be scheduled as close to that set on the confirmation of the Debtor's Plan as possible. The status hearing on confirmation of the Debtor's Plan is scheduled for October 28, 2010 at 10:30, and an evidentiary hearing on the Debtor's Plan is to commence on November 8, 2010. The Bank Group requests that a status hearing on the Creditor's Plan be set as close to the status hearing on the Debtor's Plan on October 28, 2010, as possible. The Bank Group will provide notice of the Confirmation Hearing set on the Creditor's Plan to all creditors and equity security holders by email or mail, along with the Solicitation Package.

27. The Bank Group also requests that the Court fix a date that is seven days before the Confirmation Hearing as the date by which the holders of claims may accept or reject the Plan

12023862

- 10 -

in accordance with Bankruptcy Rule 3017(c) (the "**Voting Deadline**"). Further, the Bank Group requests that the Court direct that any objections to confirmation of the Creditor's Plan be filed, together with proof of service, with the Court and served so that they are received on or before 5:00 Mountain Standard Time seven days before the date set for the Confirmation Hearing (the "**Confirmation Objection Deadline**") by (i) counsel for the Bank Group, and (ii) the Office of the United States Trustee. This will allow the Court, the Bank Group, and parties in interest sufficient time to consider objections and proposed modifications to the Creditor's Plan before the Confirmation Hearing.

For the above reasons, the Bank Group respectfully requests that this Court grant the relief sought herein. A proposed form of order granting this motion is attached as **Exhibit A.**

RESPECTFULLY SUBMITTED this 28th day of September, 2010.

SNELL & WILMER L.L.P..

By /s/ DG - #005717
    Donald L. Gaffney
    Lori A. Lewis
    Evans O'Brien
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ 85004-2202
    Attorneys for Creditor Bank of America, N.A., on its own and as administrative agent for JPMorgan Chase Bank, N.A.; Compass Bank, on its own and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank

12023862

- 11 -

Case 2:09-bk-01298-GBN    Doc 527    Filed 09/28/10    Entered 09/28/10 13:17:44    Desc
Main Document    Page 11 of 16

# EXHIBIT A

| | |
|---|---|
| 1 | Donald L. Gaffney (#005717)<br>Lori A. Lewis (#019285) |
| 2 | Evans O'Brien (#026521)<br>SNELL & WILMER L.L.P. |
| 3 | One Arizona Center<br>400 E. Van Buren |
| 4 | Phoenix, AZ 85004-2202<br>Telephone: (602) 382-6000 |
| 5 | Facsimile: (602) 382-6070<br>E-mail: dgaffney@swlaw.com |
| 6 | llewis@swlaw.com<br>eobrien@swlaw.com |
| 7 | Attorneys for Creditor Bank of America, N.A., on its own and as<br>administrative agent for JPMorgan Chase Bank, N.A.; Compass |
| 8 | Bank, on its own and as successor-in-interest to Guaranty Bank;<br>and Wells Fargo, as successor-in-interest to Wachovia Bank |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re: | Proceedings Under Chapter 11 |
|---|---|
| FULTON HOMES CORPORATION, | Case No. 2:09-bk-01298-GBN |
| Debtor. | **ORDER GRANTING MOTION FOR ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) AUTHORIZING SOLICITATION OF VOTES ON THE CREDITORS' PLAN; (C) APPROVING SOLICITATION PROCEDURES; (D) SCHEDULING AN EVIDENTIARY HEARING ON CONFIRMATION OF THE CREDITORS' PLAN; AND (E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE** |

Upon consideration of the "Motion for Order (A) Approving Disclosure Statement; (B) Authorizing Solicitation of Votes on the Creditor's Plan; (C) Approving Solicitation Procedures; (D) Scheduling an Evidentiary Hearing on Confirmation of the Creditors' Plan; and (E) Approving Form, Manner and Sufficiency of Notice" ("Motion to Approve") filed by Bank of America, N.A., on its own and as administrative agent for JPMorgan Chase Bank, N.A.; Compass

12027317

Bank, on its own and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank (collectively, "Bank Group"); and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(A)   The Motion to Approve is GRANTED;

(B)   Any Objections to the Motion to Approve are OVERRULED;

(C)   The Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125 and is approved to be used in connection with the solicitation of votes to accept or reject the Plan.

(D)   The Bank Group is authorized to engage in the solicitation of votes on the Plan.

(E)   The Bank Group is directed to mail or cause to be mailed, by no later than _____ ____ __, 2010, Solicitation Packages containing: (a) complete copies of (i) the Court-approved Disclosure Statement and all its appendices, including the Plan (and all the Plan's exhibits); (ii) this Order; (iii) the Solicitation Notice; (b) a paper Ballot (and pre-addressed return envelope); and (c) a paper instruction sheet detailing the use of the compact disk and alternative means of obtaining electronic or paper copies of the compact disk's contents.

(F)   The Bank Group must mail the Solicitation Packages to: (1) the Office of the United States Trustee of the District of Arizona; and (2) each individual or entity that holds a claim that is impaired under the Plan and entitled to vote under the Plan. The Bank Group is instructed to e-mail or mail the Confirmation Hearing Notice to all creditors not entitled to vote on the Plan.

(G)   All Ballots must be properly executed, completed, and delivered to counsel for the Bank Group by: (i) first-class mail; (ii) overnight courier; or (iii) personal delivery so that it is received by no later than 5:00 p.m., Mountain Standard Time on _____ **[SEVEN DAYS BEFORE THE CONFIRMATION HEARING]**, 2010 (the "Voting Deadline"), at the following address:

**SNELL & WILMER** L.L.P.
**Attn: A. Evans O'Brien**
**One Arizona Center**
**400 E. Van Buren**
**Phoenix, AZ 85004-2202**

(H) The Bank Group's proposed Voting Procedures set forth in the Motion are approved.

(I) If the Bank Group objects to the allowance of a Ballot for voting purposes, the Bank Group may file such objection no later than three business days after the Voting Deadline and request a hearing to determine the allowance of such Ballot for voting purposes to be held on or before the date of the Confirmation Hearing.

(J) The Confirmation Hearing for the Plan will be an evidentiary hearing and will take place before this Court on _____, 2010 at ___:___ __.m. Mountain Standard Time.

(K) In accordance with Bankruptcy Rules 2002 and 3017(d), the Bank Group is directed to e-mail or mail on or before _____, 2010, the Confirmation Hearing Notice to all creditors and equity holders.

(L) The last date to file objections to confirmation of the Plan is _____ **[SEVEN DAYS BEFORE THE CONFIRMATION HEARING]**, 2010 at 5:00 p.m. Mountain Standard Time, unless further extended by order of the Court (the "Confirmation Objection Deadline").

(M) Objections to confirmation of the Plan, if any, must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the local Bankruptcy Rules; (c) set forth the name of the objector, and the nature of the amount of any claim or equity security interest asserted by the objector against the estate or property of the Debtor; (d) state with particularity the legal and factual basis for such objection; and (e) be filed with the Clerk of the United States Bankruptcy Court for the District of Arizona, with a copy to the Honorable George B. Nielsen, United States Bankruptcy Judge, together with proof of service thereof, and served by personal service or overnight delivery, so as to be received no later than 5:00 p.m. Mountain Standard Time, on the Confirmation Objection Deadline by: (i) Snell & Wilmer L.L.P., One Arizona

12027317

- 3 -

1  Center, 400 E. Van Buren, Phoenix, AZ 85004-2002 **Attn: Donald Gaffney and Lori Lewis**,
2  attorneys for the Bank Group, and (ii) the Office of the United States Trustee for the District of
3  Arizona, 230 North First Avenue, Suite 204, Phoenix, Arizona 85003, **Attn: Larry Watson, Esq**.

4  (N)  The Court will only consider timely filed written objections to confirmation of the
5  Plan and all objections not timely filed and served in accordance with the provisions of this Order
6  are deemed waived.

7  (O)  The Bank Group is authorized and empowered to take such steps and perform such
8  acts as may be necessary to implement and effectuate the terms of this Order.

9  (P)  To the extent this Order is inconsistent with any other prior order or pleading with
10 respect to the Motion in this case, the terms of this Order shall govern.

11 (Q)  The Court retains jurisdiction with respect to all matters arising from or related to
12 the implementation of this Order.

13 **DATED AND SIGNED ABOVE.**