Donald L. Gaffney (#005717)
Donald F. Ennis (#025986)
Evans O'Brien (#026521)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail:  dgaffney@swlaw.com
         dfennis@swlaw.com
         eobrien@swlaw.com
Attorneys for Creditor Bank of America, N.A., on its own behalf
and as administrative agent for JPMorgan Chase Bank, N.A.;
Compass Bank, on its own behalf and as successor-in-interest to
Guaranty Bank; and Wells Fargo, as successor-in-interest to
Wachovia Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re: | Proceedings Under Chapter 11 |
|---|---|
| FULTON HOMES CORPORATION, | Case No. 2:09-bk-01298-GBN |
| Debtor. | **MOTION FOR ENTRY OF AN ORDER SETTING AN ACCELERATED HEARING ON <u>EMERGENCY</u> MOTION TO VACATE ORDER: (A) APPROVING DISCLOSURE STATEMENT; (B) AUTHORIZING SOLICITATION OF VOTES ON THE PLAN; (C) APPROVING SOLICITATION PROCEDURES; (D) SCHEDULING AN EVIDENTIARY HEARING ON CONFIRMATION OF THE PLAN; AND (E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE** |
| | **AND** |
| | **NOTICE OF LODGING PROPOSED ORDER** |

Bank of America, N.A., on its own behalf and as administrative agent for JPMorgan Chase Bank, N.A.; Compass Bank, on its own behalf and as successor-in-interest to Guaranty

12139931

Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank (collectively, the "<u>Bank Group</u>"), by and through undersigned counsel, moves pursuant to 11 U.S.C. § 105(a), Rule 9006(C)(1) of the Federal Rules of Bankruptcy Procedure, and Local Rule 9013-1(h) for entry of an order setting an accelerated hearing on the "<u>Emergency</u> Motion to Vacate Order: (A) Approving Disclosure Statement; (B) Authorizing Solicitation of Votes on the Plan; (C) Approving Solicitation Procedures; (D) Scheduling an Evidentiary Hearing on Confirmation of the Plan; and (E) Approving Form, Manner and Sufficiency of Notice" ("<u>Motion to Vacate</u>"). Specifically, the Bank Group respectfully requests that the Court set the Motion to Vacate for hearing on November 8, 2010 at 9:00 a.m. so that the Motion to Vacate is the first item heard on the Court's calendar that morning. In support of this Motion, the Bank Group submits the following:

1. On September 15, 2010, the Debtor filed the "Debtor's Fourth Amended Plan of Reorganization" ("<u>Fourth Amended Plan</u>") and the "Amended and Supplemented Disclosure Statement Concerning the Debtor's Fourth Amended Plan of Reorganization" ("<u>Disclosure Statement</u>").

2. In Article X of the Disclosure Statement, entitled "Means for Executing the Plan," the Debtor represented that the Fourth Amended Plan would be funded by, among other things, (1) the agreement of Fulton Sales to become a co-Borrower under the New Credit Facility, (2) the creation of new Liens and security interests in assets of the Reorganized Debtor and Fulton Sales to secure the obligations of the Borrowers under the New Credit Facility, and (3) the contribution of the Fulton Sales stock to the Reorganized Debtor.

3. On September 17, 2010, the Court entered the "Order: (A) Approving Disclosure Statement; (B) Authorizing Solicitation of Votes on the Plan; (C) Approving Solicitation Procedures; (D) Scheduling an Evidentiary Hearing on Confirmation of the Plan; and (E) Approving Form, Manner and Sufficiency of Notice" ("<u>Disclosure Statement Order</u>"). The Debtor completed the mailing of its solicitation packages by September 21, 2010.

12139931

- 2 -

4. On October 7, 2010, the Debtor filed the "Emergency Motion to Supplement Disclosure Statement to Reflect Modifications to Fourth Amended Plan of Reorganization" ("Motion to Supplement") [DE #543]. The changes reflected in the Motion to Supplement include the complete removal of Fulton Sales from the Fourth Amended Plan.

5. In the Motion to Supplement, the Debtor somehow contended that removing Fulton Sales from the Fourth Amended Plan "[did] not affect the Plan's implementation or feasibility[.]"

6. In its Response to the Motion to Supplement, the Bank Group expressed skepticism, contending "that removing Fulton Sales from the Plan creates significant uncertainties and likely legal and factual issues with the feasibility of the Debtor's Plan." Although the Bank Group did not press the Court to deny approval of the Motion to Supplement on the basis of this major change, the Bank Group did reserve the right to raise and argue those issues during the confirmation proceedings. The Debtor proceeded forward without re-balloting or re-soliciting acceptances of the Fourth Amended Plan.

7. On October 19, 2010, the Court entered the "Order Allowing Debtor to Supplement Disclosure Statement to Reflect Modifications to Fourth Amended Plan of Reorganization" ("Supplemental Disclosure Statement Order"), and the Debtor mailed out the "Supplemental Disclosure to the *Disclosure Statement Concerning the Debtor's Fourth Amended Plan of Reorganization* dated September 15, 2010" (the "Supplemental Disclosure").

8. In the "Debtor's Response to Bank Group's Motion to Dissolve Preliminary Injunction," filed in Adversary No. 09-ap-00379, the Debtor stated that it had "eliminated Fulton Sales as a participant in the Debtor's Plan in any way," and that "the Debtor's Plan is completely independent of Fulton Sales and does not rely upon Fulton Sales for any funding or any post-confirmation support."

9. Later, in the Supplemental Disclosure, the Debtor reiterated its position that it "believes that the result of these amendments do not affect the feasibility of the Debtor's Plan."

12139931

- 3 -

10. On October 22, 2010, three days after mailing the Supplemental Disclosure, the Debtor filed the "Emergency Motion for an Order Under Sections 105(a) and 363 of the Bankruptcy Code Authorizing Debtor to Enter into Transition Services Agreement with Fulton Sales in Aid of Confirmation and Consummation of Debtor's Reorganization Plan" ("Emergency Motion").

11. In the Emergency Motion, and contrary to its earlier statement that the Fourth Amended Plan was completely independent of Fulton Sales and does not rely upon Fulton Sales for any post-confirmation support, the Debtor now takes the position that "[the Fulton Sales] employees, assets, and use of the building are necessary to the Reorganization Plan, because Fulton Sales has been eliminated from participating in the Reorganization Plan, and a new entity will undertake the operations of Fulton Sales ("**New Fulton Sales**")."

12. The Debtor did not mince words in the Emergency Motion, bluntly admitting that the Transition Services Agreement ("TSA") it now seeks authority to enter into with Fulton Sales "is necessary to facilitate confirmation and consummation of the Debtor's own Reorganization Plan."

13. Concurrently with the filing of the Emergency Motion, the Debtor also filed a separate motion to expedite the hearing on the Emergency Motion. The next business day, October 25, 2010, the Bank Group filed an Objection to the Debtor's motion to expedite.

14. On October 26, 2010, the Court granted the Debtor's request, over the Bank Group's objection, to have the Emergency Motion heard on an expedited basis on November 8, 2010, the day that confirmation proceedings on the Fourth Amended Plan are scheduled to commence.

15. The Motion to Vacate filed by the Bank Group Concurrently herewith seeks entry of an order vacating the Disclosure Statement Order and requiring the Debtor to re-ballot the Fourth Amended Plan, as modified on October 19, 2010, because the Emergency Motion makes clear that the removal of Fulton Sales from the Fourth Amended Plan created a modified plan that

12139931

- 4 -

fails to comply with § 1123(a)(5) and a Disclosure Statement and Supplemental Disclosure that fail to provide "adequate information."

16. The relief requested in the Motion to Vacate, if granted, would render the confirmation proceedings that are set to begin on November 8, 2010 moot. Therefore, the Motion to Vacate should be heard prior to the start of those proceedings so as to avoid the unnecessary expenditure of the parties' and the Court's resources on an evidentiary hearing if the Court grants the Motion to Vacate.

WHEREFORE, the Bank Group respectfully requests that the Court set a hearing on the Motion to Vacate for November 8, 2010 at 9:00 a.m. so that the Motion to Vacate will be the first item heard on that morning's calendar, with the deadline for any objections to the Motion to Vacate set three (3) business days prior to the hearing. A proposed form of order granting this motion is attached as **Exhibit A**.

RESPECTFULLY SUBMITTED, this 28th day of October, 2010.

SNELL & WILMER L.L.P.

By /s/ DFE - #025986
Donald L. Gaffney
Donald F. Ennis
Evans O'Brien
One Arizona Center, 400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Creditor Bank of America, N.A., on its own behalf and as administrative agent for JPMorgan Chase Bank, N.A.; Compass Bank, on its own behalf and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank

12139931

- 5 -

# EXHIBIT A

Donald L. Gaffney (#005717)
Donald F. Ennis (#025986)
Evans O'Brien (#026521)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-mail: dgaffney@swlaw.com
dfennis@swlaw.com
eobrien@swlaw.com
Attorneys for Creditor Bank of America, N.A., on its own behalf
and as administrative agent for JPMorgan Chase Bank, N.A.;
Compass Bank, on its own behalf and as successor-in-interest to
Guaranty Bank; and Wells Fargo, as successor-in-interest to
Wachovia Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Proceedings Under Chapter 11 |
| FULTON HOMES CORPORATION, | Case No. 2:09-bk-01298-GBN |
| Debtor. | **ORDER GRANTING MOTION FOR ENTRY OF AN ORDER SETTING AN ACCELERATED HEARING ON EMERGENCY MOTION TO VACATE ORDER: (A) APPROVING DISCLOSURE STATEMENT; (B) AUTHORIZING SOLICITATION OF VOTES ON THE PLAN; (C) APPROVING SOLICITATION PROCEDURES; (D) SCHEDULING AN EVIDENTIARY HEARING ON CONFIRMATION OF THE PLAN; AND (E) APPROVING FORM, MANNER AND SUFFICIENCY OF NOTICE** |

Upon consideration of the "Motion for Entry of an Order Setting an Accelerated Hearing on Emergency Motion to Vacate Order: (A) Approving Disclosure Statement; (B) Authorizing Solicitation of Votes on the Plan; (C) Approving Solicitation Procedures; (D) Scheduling an Evidentiary Hearing on Confirmation of the Plan; and (E) Approving Form, Manner and

12140227

Sufficiency of Notice" ("Motion to Accelerate") filed by Bank of America, N.A., on its own behalf and as administrative agent for JPMorgan Chase Bank, N.A.; Compass Bank, on its own behalf and as successor-in-interest to Guaranty Bank; and Wells Fargo, as successor-in-interest to Wachovia Bank (collectively, "Bank Group"); and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(A) The Motion to Accelerate is GRANTED;

(B) A hearing on the "Emergency Motion to Vacate Order: (A) Approving Disclosure Statement; (B) Authorizing Solicitation of Votes on the Plan; (C) Approving Solicitation Procedures; (D) Scheduling an Evidentiary Hearing on Confirmation of the Plan; and (E) Approving Form, Manner and Sufficiency of Notice" ("Motion to Vacate") will be held on **_____, 2010 at __:__ _.m** at 230 North First Avenue, Courtroom 702, 7th Floor, Phoenix, Arizona 85003 (the "Accelerated Hearing"); and

(C) All objections to the Motion to Vacate must be filed with the Court and served on counsel for the Bank Group at least three (3) business days prior to the Accelerate Hearing.

**DATED AND SIGNED ABOVE.**

12140227

- 2 -

Copy of the foregoing served by
U.S. Mail or Electronic Notification
this 28th day of October, 2010, to:

| | |
|---|---|
| CRAIG D. HANSEN<br>SEAN T. CORK<br>KELLY SINGER<br>SQUIRE SANDERS & DEMPSEY L.L.P.<br>1 EAST WASHINGTON, SUITE 2700<br>PHOENIX, AZ 85004<br>CHANSON@SSD.COM<br>SCORK@SSD.COM<br>KSINGER@SSD.COM<br>ATTORNEYS FOR DEBTOR | DALE C. SCHIAN<br>CODY J. JESS<br>SCHIAN WALKER, PLC<br>3550 N. CENTRAL AVE., #1700<br>PHOENIX, AZ 85012-2115<br>ECFDOCKET@SWAZLAW.COM |
| LARRY LEE WATSON<br>OFFICE OF THE U.S. TRUSTEE<br>230 N. FIRST AVE., STE. 240<br>PHOENIX, AZ 85003-1706<br>LARRY.WATSON@USDOJ.GOV | WILLIAMS SCOTSMAN, INC.<br>C/O SCOTT B. COHEN<br>ENGELMAN BERGER, P.C.<br>3636 N. CENTRAL AVE. #700<br>PHOENIX, AZ 85012-1936<br>SBC@ENGELMANBERGER.COM |
| KAREN A PALECK<br>PALECEK & PALECEK, P.L.L.C.<br>6263 N SCOTTSDALE RD #269<br>SCOTTSDALE, AZ 85250<br>KAREN@PALECEKLAW.COM | TOWN OF QUEEN CREEK<br>C/O LARRY K. UDALL<br>CURTIS, GOODWIN, SULLIVAN, UDALL & SCHWA<br>501 EAST THOMAS ROAD<br>PHOENIX, AZ 85012-3246<br>LUDALL@CGSUSLAW.COM |
| JOEL E. SANNES<br>LAKE & COBB, PLC<br>1095 W. RIO SALADO PKWY<br>SUITE 206<br>TEMPE, AZ 85281<br>JSANNES@LAKEANDCOBB.COM | BLUE CROSS BLUE SHIELD OF AZ, INC.<br>C/O NANCY J. MARCH<br>DECONCINI MCDONALD YETWIN & LACY, P.C.<br>2525 E. BROADWAY, STE. 200<br>TUCSON, AZ 85716-5300<br>NMARCH@DMYL.COM |
| M. BRENNAN RAY<br>BURCH & CRACCHIOLO P.A.<br>702 EAST OSBORN ROAD, SUITE 200<br>PHOENIX, AZ 85014-5234<br>BRAY@BCATTORNEYS.COM | MARICOPA COUNTY TREASURER<br>C/O MADELEINE C. WANSLEE<br>GUST ROSENFELD, P.L.C.<br>201 E. WASHINGTON, SUITE 800<br>PHOENIX, AZ 85004-2327<br>MWANSLEE@GUSTLAW.COM |
| RICHARD V. HUSK<br>PINAL COUNTY ATTORNEY'S OFFICE<br>PO BOX 887<br>FLORENCE, AZ 85132<br>RICK.HUSK@PINALCOUNTYAZ.GOV | MARICOPA COUNTY TREASURER<br>C/O MADELEINE C. WANSLEE<br>GUST ROSENFELD<br>ONE EAST WASHINGTON ST., SUITE 1600<br>PHOENIX, ARIZONA 85004-2553<br>MWANSLEE@GUSTLAW.COM |

12139931

MICHAEL W. CARMEL
MICHAEL W. CARMEL, LTD.
80 EAST COLUMBUS AVENUE
PHOENIX, ARIZONA 85012-2334
MICHAEL@MCARMELLAW.COM

LAVIGNAS@SEC.GOV

/s/ Donald F. Ennis
Donald F. Ennis

12139931

- 7 -