Craig D. Hansen, Esq. (AZ Bar No. 007405) chansen@ssd.com
Sean T. Cork, Esq. (AZ Bar No. 022149) scork@ssd.com
Kelly Singer, Esq. (AZ Bar No. 022024) ksinger@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1 East Washington, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000

Counsel to Debtor-In-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>FULTON HOMES CORPORATION<br><br>Debtor. | Case No. 2:09-bk-1298-GBN<br><br>Chapter 11<br><br>**OUTLINE OF CONFIRMATION ISSUES FOR CONFIRMATION HEARING ON DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION**<br><br>Hearing Date: November 8, 2010<br>Hearing Time: 9:00 AM |

FULTON HOMES CORPORATION (the "**Debtor**"), debtor-in-possession in the above-captioned chapter 11 case, provides the following outline of confirmation issues in conjunction with the confirmation hearing scheduled for November 8, and November 17, 2010. Consistent with this Court's request at the October 28, 2010 status hearing on confirmation, the following outline identifies and categorizes the purely legal issues and mixed questions of law and fact arising in connection with confirmation of the Debtor's Fourth Amended Plan of Reorganization (the "**Plan**"), and the various pleadings in opposition thereto filed by Bank of America, N.A., as administrative agent for the Debtor's pre-petition lenders (collectively, the "**Bank Group**").

The following confirmation issues have been distilled from the extensive briefing set forth in the: (1) *Debtor's Brief In Response To The Bank Group's Objections To The Debtor's Fourth Amended Plan Of Reorganization* [Docket No. 648] (the "**Debtor Brief**"); (2) the *Bank*

*Group's Final Brief On Debtor's Fourth Amended Plan* [Docket No. 647] (the "**Bank Group Brief**"); (3) the *Debtor's Response Brief* [Docket No. 657]; and (4) the *Reply to Debtor's Brief in Response to Bank Group's Objection to Debtor's Fourth Amended Plan of Reorganization* [Docket No. 655].

## Outline of Confirmation Issues

1. <u>Pure Legal Issues</u>

    (a) Does the Plan utilize the appropriate post-petition interest rate under Bankruptcy Code § 1129(a)(7)?

    (b) Does the Plan violate the terms of the Subordination Agreement?

    (c) Is the Plan's treatment of the Fulton Claim and Bank Group Claim consistent with the Absolute Priority Rule?

2. <u>Mixed Questions of Law and Fact</u>

    (a) Fulton Sales, the Transition Services Agreement, & the Option Agreements

    (i) Is the Plan feasible notwithstanding the extraction of Fulton Sales or execution of the TSA?

    (ii) Has the Debtor acted in good faith in proposing the Plan, extracting Fulton Sales, and executing the TSA?

    (iii) Does Judicial Estoppel or Judicial Admission prevent the Debtor from extracting Fulton Sales from the Plan or executing the TSA?

    (iv) Is New Fulton Sales under the Plan subject to successor liability?

    (v) Has the Debtor's solicitation of the Plan been adequate and has the Bank Group had a sufficient period of time for objections?

    (b) Classification and Treatment

    (i) Is the Plan's classification of creditor classes proper?

    (ii) Does the Debtor have sufficient business and/or economic justification for the proposed impairment of claims?

    (iii) Does the Plan's treatment of the Fulton Unsecured Claim unfairly discriminate amongst classes?

  (c)  Fair and Equitable

     (i)  Does the Plan provide the correct post-effective date interest rate?

  (d)  Restructuring Alternatives

Dated this 8th day of November, 2010.

              **SQUIRE, SANDERS & DEMPSEY L.L.P.**

              By: */s/ Craig D. Hansen*
              Craig D. Hansen, Esq.
              Sean T. Cork, Esq.
              Kelly Singer, Esq.
              1 East Washington St., Suite 2700
              Phoenix, Arizona 85004-4498

              Counsel to Debtor-In-Possession